**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DWIGHT A. LEACH SR. | ) | |
| DENISE C. LEACH | ) | CASE NO.  04-36052(1)(13) |
| | ) | |
| Debtor(s) | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter came before the Court on the motion of Creditor Gus Goldsmith ("Creditor") to allow the Creditor's amended secured proof of claim.  The Debtors, Dwight A. Leach, Sr. and Denise C. Leach ("Debtors") filed an objection thereto. Debtors specifically object to Creditor's claim for hourly fees for counsel employed during the course of the bankruptcy proceeding.

Counsel for the Creditor seeks allowance of fees in the amount of $4,000.  The hourly rate charged is $150.00.  By affidavit of counsel, Creditor states that counsel has expended 28 hours of legal services to Creditor and anticipates an additional 6 hours for a total of 34 hours.  The request for $4,000 is in actuality a write-down of the dollar value of Creditor's counsel's time for 34 hours at $150.00 an hour.

The Court reviewed Creditor's Note and Mortgage signed by the Debtors and they clearly provide that upon default, Creditor is entitled to a reasonable attorney's fee in the collection of the account.  The question presented is whether counsel fees for Creditor are reasonable under the particular circumstances of this case.

While Creditor's counsel argues a complexity to this particular Chapter 13 proceeding, the Court finds it contains few, if any, novel or complex issues deviating from the typical Chapter 13

proceeding. If anything, the case presented a number of annoying interest calculations and recalculations. Certainly, Creditor's request for $150 an hour for its attorney is well within the norm for practice in the Western District of Kentucky and quite frankly, very reasonable for Creditor's counsel who is a highly sophisticated and experienced lawyer. The Court's determination of "reasonable" time spent is done in hindsight and is in no way a commentary on whether the time spent was in good faith. The Court has no doubt on this point. What counsel believes at the moment of service is reasonable may not end up withstanding the Court's analysis of what is reasonable for reimbursement under the Note and Mortgage.

The time set forth in counsel's Affidavit is not specifically itemized and is "lumped" in general catagories. While the Court could quibble with that presentation, it finds there is sufficient detail for a reasonableness determination.

Counsel requests 9 hours of services rendered to prepare, file and attend hearings on three Motions to Terminate the Automatic Stay. A fourth Motion was prepared and not filed due to Debtors' cure of default. The Court finds the time spent reasonable under the circumstances.

Counsel requests 2 hours for services rendered to prepare and file a Motion for the Trustee to escrow plan payments during the pendency of the stay motions. Both Motions were unopposed and once one was drafted the other was a repeat. The Court finds one hour to be most appropriate under the circumstances.

Counsel requests 5.5 hours for reviewing notices from the Court, the Trustee, other creditors and some additional Court appearances. These services are quite simple and do not demand extensive attorney time. Even the appearance on the first mortgage holder's motion was a passive appearance. Nevertheless, the Court finds 5.5 hours to be reasonable under the circumstances.

Counsel requests 3.5 hours for time spent communicating with the Trustee and Debtors' counsel. There have been issues relating to the calculation of interest that are not novel, but are time consuming. Counsel for the Creditor tendered copies of letters tracking some of the issues presented and the Court is satisfied that 3.5 hours is reasonable given this set of circumstances.

Counsel requests an additional 6 hours for time not yet spent, but which he estimates will be required in the future. While this time may be necessary in the future, the Court declines to award a fee until the services have actually been rendered.

In sum, the Court finds the hourly rate of $150 per hour to be reasonable and 19 hours a reasonable amount of time under the circumstances. If and when Creditor accrues additional attorney fees, a request may be made as a further supplement to the fees granted herein.

Creditor also requests interest on the award of attorney's fees. The terms of the Note and Mortgage are clear. Interest accrues only on the unpaid principal balance. The Debtor's objection on this issue is sustained and interest shall not accrue on the award of attorney's fees.

Pursuant to the findings herein and the Court being duly advised in the premises,
IT IS HEREBY ORDERED that Creditor Gus Goldsmith is awarded an attorney's fee in the amount of $2,850.00. Creditor is ordered to file an amended Proof of Claim reflecting the award herein within 10 days of the date of entry of this Order.